IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY J. WHALEN | * | |
| Plaintiff | * | |
| v. | * | |
| DONALD L. TEMPER | * | |
| and | * | |
| BARBARA A. DUNN | * | |
| and | * | |
| NUCAR CONNECTION, INC. | * | Civil Action No: RDB - 02-191 |
| and | * | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY | * | |
| 7045 College Boulevard  Overland Park, Kansas 66211 | * | |
| | * | |
| SERVE: Steven B. Larsen   Insurance Commissioner   525 St. Paul Place   Baltimore, Maryland  21202 | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT FOR MONITARY AND DECLARATORY RELIEF AND ELECTION FOR JURY TRIAL

Plaintiff, Nancy J. Whalen, by her attorneys, Paul D. Bekman and Salsbury Clements Bekman Marder & Adkins, L.L.C., sues Donald L. Temper, Barbara A. Dunn, Nucar Connection, Inc., **and Universal Underwriters Insurance Company, Defendants**.

    1.    Plaintiff, Nancy J. Whalen, is a resident of the State of New Jersey.

2. Defendant, Donald L. Temper, is a resident of the State of Maryland.

3. Defendant, Barbara A. Dunn, is a resident of the State of Maryland.

4. Defendant, Nucar Connection, Inc., is organized, incorporated and has their principal place of business in the State of Delaware.

5. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. Section 1331, as there is diversity of citizenship between the parties and the amount of this claim exceeds Seventy Five Thousand Dollars ($75,000.00).

## COUNT I

6. On or about July 4, 2000, at approximately 12:30 a.m., the Plaintiff, Nancy J. Whalen, was a passenger in a motor vehicle being operated by Defendant, Barbara A. Dunn, and owned by Defendant, Nucar Connection, Inc., and was proceeding in a northbound direction on Route 213, near its intersection with Court House Point Road, when suddenly, violently, and without warning, a vehicle owned and operated by the Defendant, Donald L. Temper, who was headed southbound on Route 213, negligently and recklessly crossed the center line into the direct path of the Dunn vehicle. At that time, the Defendant, Barbara A. Dunn, suddenly and without warning, swerved the vehicle she was operating to avoid hitting the Temper vehicle, crossed over the center line into the southbound lane of Route 213, and collided with the Temper vehicle.

7. The Defendant, Donald L. Temper, was negligent and careless with respect to the aforesaid occurrence in that he:

    (a) failed to maintain proper control over his vehicle;

    (b) failed to observe the northbound vehicle on Route 213;

    (c) failed to keep a proper lookout;

    (d)    failed to keep his vehicle to the right of the center line;

    (e)    failed to observe the presence and proximity of other vehicles on Route 213;

    (f)    operated the vehicle at a speed greater than reasonable under the circumstances then and there existing;

    (g)    operated his vehicle while impaired by alcohol;

    (h)    operated his vehicle across the center line;

    (i)    and was in other respects negligent and careless.

8. As a direct and proximate result of the aforesaid carelessness and negligence of the Defendant, the Plaintiff was thrown violently around the interior of her vehicle and suffered serious and permanent injuries and severe mental anguish and emotional pain and suffering; whereby she was obliged to receive hospital and medical treatment for which expenses were and will continue to be incurred in the future; and was and will be in the future prevented from engaging in her employments, activities and pursuits and was otherwise injured and damaged.

9. Plaintiff says that all of her injuries and damages were caused solely by the actions of the Defendants without any negligence on the part of the Plaintiff thereunto contributing.

WHEREFORE, the Plaintiff, Nancy J. Whalen, claims the sum of Two Million Dollars ($2,000,000.00) damages from the Defendant, Donald L. Temper, with all costs to be paid by said Defendant.

**COUNT II**

10.   The Plaintiff, Nancy J. Whalen, incorporates paragraphs 1 through 9 and adopts and incorporates by reference herein all of the allegations of fact, duty, negligence, injury and damages as are more fully set forth in Count I of this Complaint.

11.   At all pertinent times, the Defendant, Barbara A. Dunn, was operating her vehicle as the agent, servant and/or employee of the Defendant, Nucar Connection, Inc.

12.   The Defendant, Barbara A. Dunn, was negligent and careless with respect to the aforesaid occurrence in that she:

(a)   failed to maintain proper control over her vehicle;

(b)   failed to observe the northbound vehicle on Route 213;

(c)   failed to keep a proper lookout;

(d)   failed to avoid a collision;

(e)   failed to observe the presence and proximity of other vehicles on Route 213;

(f)   operated the vehicle at a speed greater than reasonable under the circumstances then and there existing;

(g)   failed to operate her vehicle to the right of the center line;

(h)   and was in other respects negligent and careless.

13.   As a direct and proximate result of the aforesaid carelessness and negligence of the Defendants, the Plaintiff, Nancy J. Whalen, was thrown violently around the interior of her vehicle and suffered serious and permanent injuries and severe mental anguish and emotional pain and suffering; whereby she was obliged to receive hospital and medical treatment for which expenses were and will continue to be incurred in the future; and was and will be in the future prevented

from engaging in her employments, activities and pursuits and was otherwise injured and damaged.

14. Plaintiff says that all of her injuries and damages were caused solely by the actions of the Defendants without any negligence on the part of the Plaintiff thereunto contributing.

WHEREFORE, the Plaintiff, Nancy J. Whalen, claims the sum of Two Million Dollars ($2,000,000.00) damages from the Defendant, Barbara A. Dunn, with all costs to be paid by said Defendants.

## COUNT III

15. The Plaintiff, Nancy J. Whalen, incorporates paragraphs 1 through 6 and 11 through 14 and adopts by reference herein all of the allegations of fact, duty, negligence, injury and damages as are more fully set forth in this Complaint.

16. That the Defendant, Nucar Connection, Inc., at the time of the occurrence, was the employer, principal and alter ego of the Defendant, Barbara A. Dunn, and responsible in fact and law for the actions of said Defendant, Barbara A. Dunn.

WHEREFORE, the Plaintiff, Nancy J. Whalen, claims the sum of Two Million Dollars ($2,000,000.00) damages from the Defendant, Nucar Connection, Inc., with all costs to be paid by said Defendant.

## COUNT IV

**17. The Plaintiff, Nancy J. Whalen, incorporates paragraphs 1 through 9 and adopts and incorporates by reference herein all of the allegations of fact, duty, negligence, injury and damages as are more fully set forth in Count I of this Complaint.**

**18. At the time of the collision described above, the vehicle in which the Plaintiff,**

Nancy J. Whalen, was a passenger, and which was Defendant, Barbara A. Dunn operating, was insured under a policy of automobile insurance issued by the Defendant, Universal Underwriters Insurance Company.

19. The Defendant, Universal Underwriters Insurance Company, in consideration for payment of a premium, provided uninsured/underinsured motorist insurance coverage in the amount of $300,000 per occurrence, pursuant to said policy, and provided coverage under the umbrella coverage of the policy in the amount of $20,000,000.00.

20. Plaintiff believes and therefore avers that the Defendants, Donald L. Temper and Barbara A. Dunn, maintained liability limits less than $300,000.00

21. Plaintiff has demanded the uninsured/underinsured motorist proceeds, but said demand has been refused. The actions of the Defendant constitute a breach of contract and as a result of said breach, the Plaintiff has been damaged as described in Count I of the Complaint.

WHEREFORE, the Plaintiff claims the sum of Two Million Dollars ($2,000,000.00) damages from the Defendant, Universal Underwriters Insurance Company, with all costs to be paid by said Defendant.

## COUNT V

22. The Plaintiff, Nancy J. Whalen, incorporates paragraphs 1 through 21 of the Amended Complaint, as if fully set forth herein.

23. This is an claim for declaratory judgment for the purpose of determining a

question of actual controversy between the Plaintiff, Nancy J. Whalen and the Defendant Universal Underwriters Insurance Company, as hereinafter discribed.

24.     The Defendant Universal issued a multiple coverage insurance policy (the "Universal Policy"), naming the Defendant, Nucar Connection, Inc. and others as Insureds, under which Universal promised to pay, up to certain designated limits, all sums that the Insureds legally had to pay as damages because of an injury caused by an occurrence arising out of an own auto.

25.     The Universal Policy provided coverage under the Basic Auto coverage (Part 900) at the time of the occurrence as an Insured to the Defendant Dunn who was using an owned auto within the scope of the permission provided her by the Defendant Nucar Connection, Inc.

26.     The Universal Policy provided Twenty Million Dollars in umbrella coverage in Part 980, in which the Defendant Universal agreed to pay for the loss that was in excess of either the coverage provided elsewhere in the Universal Policy or the coverage provided to an Insured in any other insurance.

27.     The Defendant Dunn is insured under the umbrella coverage in Part 980 of the Universal Policy for all loss that is in excess of the coverage provided to her under the Basic Auto coverage (Part 900)of the Universal Policy.

28.     The Defendant Dunn is an Insured as defined in Part 980 of the Universal Policy.

WHEREFORE, the Plaintiff Nancy J. Whalen respectfully requests the following relief:

(A)     A declaration that under the Universal Policy issued by the Defendant Universal Underwriters Insurance Company to the Defendant, Nucar Connection, Inc. and others, that the Defendant Barbara A. Dunn was at the time of the occurrence an Insured under the Basic Auto coverage (Part 900) of the Universal Policy;

(B)     A declaration that under the Universal Policy issued by the Defendant Universal Underwriters Insurance Company to the Defendant, Nucar Connection, Inc. and others, that the Defendant Barbara A. Dunn is insured under the umbrella coverage in Part 980 of the Universal Policy for all loss that is in excess of the coverage provided to her under the Basic Auto coverage (Part 900) of the Universal Policy; and

(C)     A declaration that under the Universal Policy issued by the Defendant Universal Underwriters Insurance Company to the Defendant, Nucar Connection, Inc. and others, that the Defendant Barbara A. Dunn is an Insured as defined in Part 980 of the Universal Policy.

_____
PAUL D. BEKMAN
SALSBURY, CLEMENTS, BEKMAN,
     MARDER & ADKINS, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY J. WHALEN | * | |
| Plaintiff | * | |
| v. | * | Civil Action No: RDB - 02-191 |
| DONALD L. TEMPER, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

## ELECTION FOR JURY TRIAL

The Plaintiff, through her attorneys, Paul D. Bekman, and Salsbury Clements Bekman Marder & Adkins, L.L.C., elects to have her case tried before a jury.

---

PAUL D. BEKMAN
SALSBURY, CLEMENTS, BEKMAN,
   MARDER & ADKINS, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff