UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NANCY J. WHALEN

    Plaintiff

v.

NUCAR CONNECTION, INC., et al.

    Defendants

CIVIL ACTION

RDB 02 CV 191

\*\*\*

AFFIDAVIT

I, Thomas W. Hubbartt, am over 18 years of age, am competent to testify about the matters contained in this affidavit, and have personal knowledge of the matters contained in this affidavit.

1.    I am employed by Universal Underwriters Group, which includes the Universal Underwriters Insurance Company ("Universal"), as Manager of Product Development. In that capacity, I evaluate and interpret state regulations, court rulings and industry documents for various purposes, including ensuring that Universal is in compliance with various state laws and regulations. I also draft, submit and negotiate State approval of insurance policy forms used by Universal, and I am involved in overseeing actuarial and rating activities related to Universal insurance products. I am

familiar with the insurance sold by Universal to NuCar Connection, Inc., including the policy forms and endorsements that set forth the terms of that insurance.

2. Universal insured Nucar Connection, Inc. from November 1, 1999, to November 1, 2000, under Unicover policy 188025B. That policy contains the July 1993 edition of the Unicover 5 policy form. The Unicover 5 is a multiple peril policy designed to cover risks associated with the operation of car dealerships and similar entities. Words that appear in all capital letters in this affidavit are defined by the Unicover 5 policy. The Univcover 5 policy form is divided into several Coverage Parts, which are given numerical designations: Auto Inventory Physical Damage (Coverage Part 300), Property (Coverage Part 330), Crime (Coverage Part 380), Garage (Coverage Part 500), Uninsured Motorist (Coverage Part 530), Agent's Errors and Omission (Coverage Part 550), Basic Auto (Coverage Part 900), General Liability (Coverage Part 950), Personal Umbrella (Coverage Part 970) and Umbrella (Coverage Part 980). In addition to these coverage parts, the Universal policy contains a section setting forth the general conditions, a State Amendatory Part section, and several endorsements that modify the coverages provided under the various Coverage Parts.

3. The Universal policy named 17 "named insureds" (including NuCar Connection, Inc.) and listed 26 "other insureds." Each of the named insureds is given a number (1 through 17), which is then used when designating which coverages apply to which named insureds. NuCar Connection, Inc. is named insured # 3. Similarly, each of listed "other insureds" is given an alphabetic references (AA through ZZ), which are then used when designating which coverages apply to which "other insureds."

4. Barbara Dunn is not listed as named insured or an "other insured" under the policy.

5. It is my understanding, from reading Nancy Whalen's Amended Complaint, that a motor vehicle accident occurred on July 4, 2000, involving a 2000 Camaro Z8 operated by Barbara Dunn and owned by NuCar Connection, Inc. The Amended Complaint alleges that Nancy Whalen was a passenger in that vehicle. I have also reviewed a portion of the police report, which indicates that the 2000 Camaro Z8 was registered in Delaware and owned by NuCar Connection, Inc.

6. The Amended Complaint alleges that the Basic Auto Coverage Part 900 applies to the vehicle that was involved in the July 4, 2000, accident and that was owned by NuCar Connection, Inc. This assertion is incorrect.

7. The vehicle operated by Barbara Dunn is not listed as an OWNED AUTO under Coverage Part 900 and therefore does not qualify for Basic Auto 900. In addition, since that vehicle was owned by NuCar Connection, Inc. it cannot, by definition, be a TEMPORARY SUBSTITUTE VEHICLE.

8. Coverage Part 900 Basic Auto only applies to the autos that fall within the definition of OWNED AUTOS and TEMPORARY SUBSTITUTE AUTO. In order to qualify as an OWNED AUTO, the vehicle must be listed on the declarations page. A TEMPORARY SUBSTITUTE VEHICLE is a vehicle temporarily replaces an OWNED AUTO while the OWNED AUTO is out of service because of repair, servicing, loss or destruction.

9. The declarations page for Coverage Part 900 Basic Auto list a trailer, a 1987 Ford Coupe, a 1967 Chevrolet Corvette, another 1967 Chevrolet Corvette, a 1963 Chevrolet Corvette Coupe, a 1999 Chevrolet Express, a 1983 Yamaha Golf Car, a 2000 Yamaha Golf Car, a 1995 Harley Davidson 1340 CC motorcycle, and a 1981 Yamaha 100 midnight special motorcycle.

10. The 2000 Camaro Z8 operated by Barbara Dunn on July 4, 2000, is not listed as an OWNED AUTO on the declaration page for Coverage Part 900 Basic Auto.

11. The Universal policy provides coverage for general automobile risks associated with the operation of a car dealership under the AUTO HAZARD provisions of Coverage Part 500 Garage. The named insureds for Coverage Part 500 are to the named insureds designed on the declaration pages by numbers 1, 3, 5, 8, 11, 12 13 and 17. As noted above, NuCar Connection, Inc. is named insured # 3. NuCar, Inc. is # 1, Nucar Motors, Inc. is # 5, Greytak and Miller Partnership is # 8, NuCar Consulting, Inc. is #11, NuCar Kent, LLC is # 12, Nucar Middleton, Inc. is # 13, and Hertrich Investments, Ltd. is # 17.

12. It is my understanding that Barbara Dunn was employed by NuCar, and that 2000 Camaro Z8 she was operating on July 4, 2000, had been provided to her by NuCar Connection, Inc. from its fleet of vehicles. As such, the vehicle is covered under the AUTO HAZARD portion of Coverage Part 500. The Universal policy provides $300,000 of liability coverage for the AUTO HAZARD for employees of the designated named insureds

13. Nancy Whalen's Amended Complaint also alleges that she is entitled to $300,000 of uninsured/underinsured motorist coverage. This assertion is incorrect.

14. Uninsured motorist coverage is provided by Coverage Part 530 of the Universal policy. By endorsement 91, the uninsured motorist coverage is amended to include underinsured motorist coverage.

15. Coverage Part 530, as endorsed by endorsement 91, provides uninsured/underinsured motorist coverage in a single combined limit of $40,000 to the named insureds designated by the numbers 1, 3, 5, 8, 11, 12, 13 and 17. As noted above, NuCar Connection, Inc. is named insured # 3. Named insureds ## 1, 5, 8, 11, 12, 13 and 17 are set forth in paragraph 11 above.

16. Persons occupying a vehicle owned by NuCar Connection, Inc. are covered for uninsured/underinsured motorist coverage under Coverage Part 530 but are subject to the $40,000 single combined limit.

17. Coverage Part 530, as amended by endorsement 92, also provides uninsured/underinsured motorist coverage of $300,000 to certain designated individuals. These individuals are listed on the declaration page: C. Ronald Miller, Bonnie, Miller, David B. Greytak, James R. Capron, Michelle Capron, Robert L. Davis, Robin Davis, Gail Chickersky, Howard Reamer and Cheryl Reamer. Neither Barbara Dunn nor Nancy Whalen are listed on the declarations page as individuals who are entitled to the UM/UIM coverage of $300,000.

18. Nancy Whalen's Amended Complaint also alleges that Dunn is an insured under Coverage Part 980 Umbrella and is therefore entitled to the $20,000,000 of insurance provided by that Coverage Part. This assertion is incorrect.

19. Coverage Part 980 Umbrella provides $20,000,000 of excess liability insurance to the named insureds designated on the declarations page as named insureds 1, 3, 5, 8, 11, 12, 13 and 17. As noted above, NuCar Connection, Inc. is named insured # 3. Named insureds ## 1, 5, 8, 11, 12, 13 and 17 are set forth in paragraph 11 above. Barbara Dunn is not listed as a named insured. The umbrella coverage provided by Coverage Part 980 for automobile risks, such as the July 4, 2002, accident, only applies to the named insureds. It does not apply to the named insured's employees.

20. In addition, Coverage Part 980 applies to the certain persons who are designated as insureds on the declarations pages. The "Designated Persons" for Coverage Part 980 coverage are David B. Greytak, Ronald Miller, Bonnie Miller, and Frederick W. Hertrich III. Barbara Dunn is not listed as a designated person for Coverage Part 980 coverage purposes. Because Barbara Dunn is neither a named insured nor a designated person, she is not covered by Coverage Part 980.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of this affidavit are true.

*Thomas W. Hubbartt\*\**
_____
Thomas W. Hubbartt

\*\*Counsel hereby certifies that he has a signed copy of this affidavit available for inspection at any time by the court or a party to this action.