IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY J. WHALEN | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No: RDB - 02-191 |
| DONALD L. TEMPER, et al. | * | |
|     Defendants | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT UNIVERSAL'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT IV
AND FOR SUMMARY JUDGMENT AS TO COUNT V**

Plaintiff, Nancy J. Whalen, by her attorneys, Paul D. Bekman, Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., files this response to Defendant Universal's Motion for Partial Summary Judgment as to Count IV and for Summary Judgment as to Count V of the Amended Complaint.

**STATEMENT OF FACTS**

This action arises out of a motor vehicle accident which occurred on July 4, 2000. That evening, the Defendant, Barbara A. Dunn ("Dunn"), was driving a 2000 Camaro Z8 which was owned by her employer, Defendant, NuCar Connection, Inc. ("NuCar"), in a northbound direction on Route 213, near its intersection with Court House Point Road. The Plaintiff, Nancy J. Whalen, was a passenger in the Camaro. A vehicle owned and operated by the Defendant, Donald L. Temper ("Temper"), was headed southbound on Route 213, when it crossed the center line into the direct path of the Dunn vehicle. In response, Dunn swerved the Camaro, crossed over the center line into the southbound lane of Route 213, and collided with the Temper vehicle. The

Plaintiff sustained multiple injuries as a result of the collision.

The Camaro was a "demonstrator" car that NuCar provided to Dunn as part of her employment package. See Deposition of Gail M. Chickersky at 26 (**Exhibit A**). Demonstrators are new vehicles available for customers to test drive and are subject to being sold at any time. See Chickersky Depo at 28-29. Until sold, they are also provided to certain top level NuCar employees for business and personal use under written stipulations and rules. See Chickersky Depo at 26. The conditions placed by NuCar on Dunn's use of a demonstrator are set forth in the DEMONSTRATOR PLAN she signed on November 11, 1991 (**Exhibit B**).

Dunn's off-premise use of the Camaro was highly beneficial to NuCar who considered demonstrators to be "rolling billboards" for NuCar and its products. See Chickersky Depo at 27-28, 30. When using a demonstrator, Dunn and other NuCar employees were encouraged to refer any potential customer who was drawn to the demonstrator to NuCar sales personnel. See Chickersky Depo at 31. For this reason, Dunn carried several business cards of NuCar salesmen with her, and on average she made four or five referrals each year. See Deposition of Barbara A. Dunn at 20-21, 49 (**Exhibit C**).

Each demonstrator was insured by NuCar. See Chickersky Depo at 32-33. The Camaro was insured under Unicover policy 188025B issued by the Defendant Universal Underwriters Insurance Company ("Universal").[1] Dunn did not have to carry or pay for separate insurance; nor was she expect to do so. See Chickersky Depo at 33.

The collision in this case occurred while Dunn was operating the Camaro within the terms

---

[1] A copy of the Universal Policy is attached as Exhibit 2 to Universal's Motion.

of the DEMONSTRATOR PLAN. Universal was added as a party defendant in the Amended Complaint when questions arose regarding the coverage available under the Universal Policy for the injuries sustained by the Plaintiff. Plaintiff contends that underinsured motorist coverage exists, and that Dunn is an insured under certain portions of the Universal Policy, including the umbrella coverage section. Universal contends some coverage exists, but that the coverage is not as extensive as alleged in the Amended Complaint.

## ARGUMENT

*Applicable Law*

The Universal Policy is a Delaware contract and its interpretation is governed by Delaware law. Clear and unambiguous language in an insurance policy is given its plain and ordinary meaning. See *Rhone-Poulenc Basic Chems, Co. v. American Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992). If, however, the language in the policy is ambiguous, it is construed against the insurer. See *Delledome v. State Farm*, 621 A.2d 350, 352 (Del. 1992). A policy's language is ambiguous whenever it is reasonably susceptible of more than one interpretation. See *Rhone-Poulenc*, 616 A.2d at 1196. Ambiguous language is always construed to accord with the reasonable expectation of the insured. See *Hallowell v. State Farm*, 443 A.2d 925, 927 (Del. 1982).

*The Present Dispute*

Universal in its Motion and supporting memorandum states what coverage it believes exists under its reading of the Universal Policy. Universal states the following:

(1)    The Universal Policy provides $40,000.00 of uninsured/underinsured

motorist coverage. See Universal Memorandum at 8 - 12.

(2) The Universal Policy does not provided additional uninsured/underinsured motorist coverage under Coverage Part 980 of the Universal Policy. See Universal Memorandum at 12-14.

(3) Dunn and NuCar are insureds under the AUTO HAZARD portion of Coverage Part 500 of the Universal Policy. See Universal Memorandum at 16.

(4) The Basic Auto section of the Universal Policy (Coverage Part 900) does not apply to the Camaro, because it is not a listed OWNED AUTO or a TEMPORARY SUBSTITUTE AUTO. See Universal Memorandum at 14 - 16

(5) Dunn is not an insured under Coverage Part 980. See Universal Memorandum at 16 - 18.

(6) NuCar is an insured under Coverage Part 980, and coverage exists if NuCar is found to be vicariously liable. See Universal Memorandum at 18.

Plaintiff will not dispute Universal's reading of the Policy with respect to (1), (2), (3), (4) or (6) above. Universal is wrong, however, when it argues that Dunn is not an insured under Coverage Part 980 of the Universal Policy. The Policy's terms provide that Universal will pay for the damages to which Dunn is liable to Plaintiff that are in excess of the $300,000.00 of coverage under Coverage Part 500.

*Dunn is An Insured Under Coverage Part 980*

The Universal Policy provides umbrella or excess liability coverage in Coverage Part 980. The **INSURING AGREEMENT**, found on page 68 of the Policy, separates the excess liability coverage into two distinct categories:

(a) "coverage provided in any UNDERLYING INSURANCE"; and

(b) "coverage provided to an INSURED in any other insurance."[2]

A major difference between the two categories is that category (b) in limited to the coverage "provided to an INSURED," whereas category (a) has no such limitation.

The Policy defines "UNDERLYING INSURANCE" as "the coverage and limits of liability afforded YOU by the underlying policy(s) or insurance scheduled in the declarations for this Coverage Part." Only Coverage Part 530, Coverage Part 550, Endorsement 038 of Coverage Part 900 and Coverage Part 970 are excluded by the Declarations Page from UNDERLYING INSURANCE. Accordingly, Coverage Part 500 is included in the UNDERLYING INSURANCE, and Universal has agreed in Coverage Part 980 to pay for a LOSS that is in excess of the $300,000 in coverage provided by Part 500.[3]

Universal admits that Dunn is insured under Coverage Part 500 with respect to AUTO HAZARD. See Universal Memorandum at 16. A review of the Universal Policy confirms that admission. "AUTO HAZARD" is defined to include the "use of any AUTO YOU own" which is

---

[2]The insuring agreement for Coverage Part 980 states:

> **INSURING AGREEMENT** - WE will pay for LOSS, subject to the terms and conditions of this Coverage Part, in excess of:
>
> (a) coverage provided in any UNDERLYING INSURANCE;
>
> (b) coverage provided to an INSURED in any other insurance;
>
> (c) in the absence of (a) or (b) the retention shown in the declarations.

[3]The Definition of LOSS in Coverage Part 980 merely repeats what Universal has agreed to pay in the **INSURING AGREEMENT** of Coverage Part 500, namely "all sums the INSURED legally must pay as damages. . . because of INJURY to which this insurance applies caused by an OCCURRENCE."

5

"furnished for the use of any person or organization." "With respect to AUTO HAZARD," Coverage Part 500 defines an INSURED to include "[a]ny of YOUR . . . paid employees, . . . while using an AUTO covered by this COVERAGE PART . . . within the scope of YOUR permission." Because Dunn was a paid employee of NuCar who was using a NuCar AUTO that had been furnished to her for her use, she is an insured under Coverage Part 500, which is included in the UNDERLYING INSURANCE.

As shown, Universal agreed in Coverage Part 980 to "pay for LOSS" "in excess of" the "coverage provided in any UNDERLYING INSURANCE." Accordingly, any loss, i.e., any sum that Dunn legally must pay as damages because of an injury to Whalen caused by the collision (an occurrence) that exceeds the $300,000.00 coverage of Coverage Part 500, will be paid under Coverage Part 980.

Universal rejects this plain reading of the Policy, arguing that no coverage exists because Dunn's name is not specifically included on the declarations page for Coverage Part 980. The short answer to this is that Universal, by making Dunn an insured under Coverage Part 500, incorporates her as an insured by agreeing to pay damages awarded in excess of the coverage provided in any UNDERLYING INSURANCE. The **INSURING AGREEMENT** makes this clear.

Part (a) of the **INSURING AGREEMENT** provides coverage in excess of the

"coverage provided in any UNDERLYING INSURANCE."

Part (b) provides coverage in excess of the

"coverage provided *to an INSURED* in any other insurance."

If the excess liability coverage set out in part (a) does not apply to those persons covered

6

as insureds in the UNDERLYING INSURANCE and is limited to an INSURED, then the same limitation made in part (b), "to an INSURED" should have been made in part (a). No such limitation, however, is made, and this Court cannot rewrite the Policy to impose such a limitation.

In addition to being an insured through incorporation of the UNDERLYING INSURANCE, Dunn falls within the definition of an INSURED in Coverage Part 980. With respect to the "ownership, maintenance, use, loading or unloading" of "any AUTO or watercraft" an INSURED is defined to be "YOU." The General Conditions of the Policy define "YOU" to mean "the persons shown in the declarations as the Named Insured," which in this case includes NuCar. NuCar is a corporate entity and it can only use an AUTO through individuals. Because Dunn was using the Camaro within the terms of the DEMONSTRATOR PLAN and was furthering the interest of NuCar by driving its "rolling billboard," Dunn is included in the word YOU for purposes of Coverage Part 980.

## **CONCLUSION**

For the reasons set forth above, Universal is not entitled to summary judgment as to Court V. This Court should declare that the Universal Policy:

1. Provides coverage to Dunn under the AUTO HAZARD portion of Coverage Part 500; and

2. Insures Dunn under Coverage Part 980 (Umbrella)

                                              _____
PAUL D. BEKMAN - Federal ID No. 00019
SALSBURY, CLEMENTS, BEKMAN,
      MARDER & ADKINS, L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff