UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NANCY J. WHALEN

      Plaintiff

                                         CIVIL ACTION

v.

                                         RDB 02 CV 191

NUCAR CONNECTION, INC., et al.

      Defendants

***

DEFENDANT UNIVERSAL'S REPLY TO
PLAINTIFF WHALEN'S RESPONSE

Defendant Universal Underwriters Insurance Company ("Universal"), by its attorney, replies to the response filed by Plaintiff Nancy J. Whalen to its motion for partial summary judgment as to Count IV of the Amended Complaint and for summary judgment as to Count V of that Amended Complaint:

Introduction

Whalen admits that the Universal policy provides $40,000 of uninsured/underinsured motorist coverage and does not provide coverage to Barbara Dunn under Coverage Part 900. See Whalen Resp. at 3-4. Universal is therefore entitled to summary judgment on these issues. Whalen, however, disputes Universal's contention

that Dunn is not an insured under Coverage Part 980 (the umbrella coverage).  This reply focuses on that issue.

## Argument

Whalen's argument that Dunn is an insured under Coverage Part 980 relies on reading selective portions of the policy and ignores the intent of the parties to that contract as expressed in the language of the policy.  The rules of contract construction under applicable Delaware law are clear.  "The primary consideration in interpreting a contract is to give effect to the intent of the parties at the time they contracted, and the court will attempt to determine intent from the overall language of the contract."  Fox v. Fox, 1999 U.S. Dist. LEXIS 15502 at *22 (D.Del. 1999).  In construing a policy, the court must not, under the guise of construction, rewrite the policy to avoid its clear and unambiguous terms.  See, e.g., Rhone-Poulenc Basic Chemicals Co. v. American Motorists Insurance Co., 616 A.2d 1192, 1195 (Del. 1992); Hallowell v. State Farm Mut. Auto. Ins. Co., 443 A.2d 925, 926 (Del. 1982).  When these simple rules are applied, Whalen's argument crumbles.

1.

Dunn is not an insured under the clear terms of Coverage Part 980

The express terms of Coverage Part 980 clearly and unambiguously do not include Dunn as an insured.

In reading Coverage Part 980 as a whole, the starting point is the very first page of the declarations.

> This policy insures only those coverages and property shown in the declarations made a part of this policy.  Such insurance applies only to those insureds, security interests, and locations designated for each coverage as identified in item 2 by letter(s) or number.

Universal Policy (Ex. 2), Decl. at page 1-A (emphasis added).  This general direction is then echoed in the introduction to Coverage Part 980:

> This Coverage Part applies only when it is shown in the declarations. Such insurance applies only to those insureds, security interests and locations designated for each coverage as identified in declarations item 2 by letter(s) or number

Universal Policy (Ex. 2), Unicover 5 at page 68 (emphasis added).  Whalen's argument ignores this critical language.  All of the other provisions of Coverage Part 980 are subject to these provisions.  If a person is not an insured "identified in the declarations," Coverage Part 980 does not apply to that person unless that person falls within the omnibus definition of insured.  The definition of "INSURED" in the general conditions part of the Universal policy makes this very clear.  See Universal Policy, Unicover 5 at page 5 (defining INSURED as "any person or organization qualifying as an INSURED in the WHO IS AN INSURED provision of the Coverage Part.").

3

There is no dispute that NuCar is named in the declarations as an insured for Coverage Part 980. <u>See</u> Unicover Policy (Ex. 2), Decl. at 1-RR.[1] There is no dispute that Dunn is <u>not</u> named in the declarations as an insured for Coverage Part 980. Dunn therefore qualifies as an Insured <u>only if</u> she is so named in the "WHO IS AN INSURED" provision of Coverage Part 980. She is not so named. The WHO IS AN INSURED section of Coverage Part 980 states:

> With respect to any AUTO or watercraft:
>
> (a) YOU;
>
> With respect to (1) any AUTO or watercraft used in YOUR business or (2) personal use of any AUTO owned or hired by YOU:
>
> (a) any person or organization shown in the declarations for this Coverage Part as a "Designated Person".

Universal Policy (Ex. 2), Unicover 5 at 71. The UNICOVER policy uses "YOU" to refer to the named insured. Universal Policy (Ex. 2), Unicover 5 at page 5 ("'YOU' and 'YOUR' means the person or organization shown in the declarations as the Named Insured."). Dunn does not fall within the definition of "YOU." <u>See</u> Argument 3 below. Nor is she a "Designated Person." She is not an insured under the terms of the policy.[2]

2.

The INSURING AGREEMENT in Coverage Part 980
does not implicitly extend coverage to Dunn

---

[1] NuCar is named insured # 3.

[2] NuCar, however, is an insured under Coverage Part 980 and, to the extent there is a finding that NuCar is vicariously liable for Dunn's operation of the vehicle, then the $20,000,000 of umbrella coverage will apply to NuCar (but not Dunn).

4

Realizing that Dunn is neither a named insured nor a designated person, and, further, that Dunn does not fall within the definition of WHO IS AN INSURED, Whalen shifts gears and argues that INSURING AGREEMENT in Coverage Part 980 implicitly incorporates Dunn into coverage. <u>See</u> Whalen Resp. at 6-7. This argument is misplaced for any number of reasons.

To set the stage, here is the INSURING AGREEMENT for Coverage Part 980:

INSURING AGREEMENT--WE will pay for LOSS, subject to the terms and conditions of this Coverage Part, in excess of:

(a) coverage provided in any UNDERLYING INSURANCE;

(b) coverage provided to an INSURED in any other insurance;

(c) in the absence of (a) or (b) the retention shown in the declarations.

WE have the right and duty to defend any SUIT for LOSS not covered by other insurance, but WE have no right or duty to defend SUITS for LOSS not covered by this Coverage Part. WE may investigate and settle any claim or SUIT WE consider appropriate.

Universal Policy (Ex. 2), Unicover 5 at page 68. Whalen argues that, if a judgment is entered against Dunn in excess of $300,000 the amount of liability coverage applicable to her under Coverage Part 500), there is a "LOSS" under Coverage Part 980 because Dunn is covered under Coverage Part (which is one of the UNDERLYING INSURANCE coverages).

Whalen's argument ignores the obvious. Being an insured is a predicate to coverage. The INSURING AGREEMENT only applies to an insured. In fact, Whalen's argument that the INSURING AGREEMENT in Coverage Part 980 implicitly covers persons not designed as an insured has been rejected in Delaware. In <u>Wilson v. Jones</u>,

1995 Del. Sup. LEXIS 218 (1995), the named insured's employee was driving the named

insured's vehicle.  The named insured was injured in an accident and sought uninsured

motorist benefits from the Universal policy owned by the named insured.  Not satisfied

with the uninsured motorist limit, the employee argued that Coverage Part 980 applied:

> [Plaintiff argues that he] was covered by the UNICOVER policy specifically at issue here. Plaintiff relies on the provision in the umbrella portion of the policy that states:
>
> > [Defendant] will pay for LOSS in excess of ... coverage provided in any UNDERLYING INSURANCE [or] coverage provided in any other insurance available to an INSURED.
>
> Because uninsured motorist coverage in the UNICOVER policy clearly qualifies as underlying insurance, Plaintiff concludes that the umbrella coverage must cover his loss and Defendant must pay.  Plaintiff contends that the policy is clear and unambiguous.  Moreover, Plaintiff argues, even if it is ambiguous, the Court must construe the policy's language against Defendant and grant Plaintiff summary judgment, as a matter of law.

Id. at *12.  The court quickly dispensed with this argument:

> <u>Plaintiff simply ignores the fact that he is not the insured under the umbrella portion of the policy.</u>

Id. (emphasis added).  Similar to the plaintiff in Wilson, Whalen ignores the fact that

Dunn is not insured under Coverage Part 980.  Whalen's argument also ignores the

definition of "LOSS."  Under the INSURING AGREEMENT, Universal is required to

pay for "LOSS."  The Unicover 5 policy defines "LOSS" as "all sums the INSURED

legally must pay as DAMAGES."  Unicover Policy (Ex. 2) at page 77.  Here again, there

is the predicate requirement that the person who suffers the LOSS (i.e., who must legally

pay damages) must be an INSURED.

Equally misplaced is Whalen's related argument that the absence of INSURED in paragraph (a) of the INSURING AGREEMENT and the presence of INSURED in paragraph (b) of the INSURING AGREEMENT reflects an intent to extend to cover Dunn. A reference to INSURED is not needed in paragraph (a) for several reasons. One, the definition of "LOSS" indicates that the INSURED must suffer the LOSS. Two, UNDERLYING INSURANCE is defined as "[t]he coverage and limits of liability afforded to YOU by the underlying policy(s) or insurance scheduled in the declarations for this Coverage Part." The Unicover 5 defines "YOU" as "the person or organization shown in the declarations as the Named Insured." Hence, UNDERLYING INSURANCE is insurance afforded to the Named Insureds shown in the declarations. A reference to INSURED would therefore be redundant. Whalen's argument also ignores the entire Coverage Part 980. Under Delaware's rules of contract construction, the intent of the parties must be garnered from the "overall language of the contract." <u>Fox</u>, 1999 U.S. Dist. LEXIS 15502 at *22. To the extent that there is some question about the meaning of paragraph (a) of the INSURING AGREEMENT, any such doubt is resolved by reading other sections of Coverage Part 980. For instance, THE MOST WE WILL PAY section repeatedly refers to "coverage for a LOSS available to the INSURED in the UNDERLYING INSURANCE or any other insurance." <u>See</u> Unicover 5 (ex. 2) at page 82. The INSURING AGREEMENT and THE MOST WE WILL PAY provisions must be read together as a whole.

On another level, Whalen's argument also misunderstands the nature of the coverage provided by Coverage Part 980. Umbrella coverage is designed to "fill gaps in

coverage both vertically (by providing excess coverage) and horizontally (by providing primary coverage)." Commercial Union Ins. Co. v. Walbrook Ins. Co., 7 F.3d 1047, 1053 (1st Cir. 1993). "In the latter instance, the Umbrella is said to 'drop down' to provide primary coverage where the underlying policy provides no coverage at all." Commercial Union Ins. Co. v. National Cas. Co., 41 F.3d 764, 767 n. 4 (1st Cir. 1994); see also Walbrook, 7 F.3d at 1051.

Coverage Part 980 is typical of umbrella coverage. It provides vertical coverage because it is excess of the UNDERLYING INSURANCE and excess of any other insurance available to the insured. It also provides horizontal coverage by dropping down when there is no underlying insurance. The three subparagraphs of the INSURING AGREEMENT reflect this design.

Under (a) of the insurance agreement, the umbrella coverage applies in excess of the insurance provided in the "UNDERLYING INSURANCE." Coverage Part 980 defines UNDERLYING INSURANCE as "the coverage and limits of liability afforded to YOU by the underlying policy(s) of insurance scheduled in the declarations for this Coverage Part." Clause (a) therefore merely reflects the fact that the liability coverage of Coverage Part 980 applies "in excess" of the scheduled insurance. This is vertical coverage.

Under (b) of the INSURING AGREEMENT, the umbrella coverage applies in excess of "coverage provided to an INSURED in any other insurance." This is another type of vertical coverage. This clause is designed to account for situations where coverage is available to an insured from an insurance policy that is not a scheduled policy.[3] Subparagraph (b) is little more than a recognition that the umbrella coverage of Coverage Part 980 applies as excess to all insurance available

---

[3] Such situations are common. A common double coverage situation often arises when one person uses a motor vehicle owned by another. In such a situation, the user's policy and the owner's policy provide insurance. However, if there is an umbrella policy, it applies as excess to both policies. See, e.g., Allstate Ins. Co. v. American Hardware Mut. Ins. Co., 865 F.2d 592, 594 (4th Cir. 1989); U.S. Fire Ins. Co. v. Maryland Cas. Co., 447 A.2d 896, 988-902 (Md. App. 1982).

> to an insured, such as NuCar, under insurance other than the UNDERLYING INSURANCE.
>
> Under (c) of the INSURING AGREEMENT, the umbrella coverage drops down and applies, in excess of the retention, if there is no UNDERLYING INSURANCE and no other insurance. This is the horizontal coverage.

The arrangement of Coverage Part 980, and the three paragraphs of the INSURING AGREEMENT, are hardly unique. Whalen's argument seeks to find ambiguity where there is none. Under Delaware law, a court is not allowed to "destroy or twist policy language under the guise of construing it." Rhone-Poulenc, 616 A.2d at 1195.

3.

The definition of "YOU" does not<br>incorporate Dunn

Whalen, in a fall back position, argues that Dunn is an insured because NuCar is a corporation and corporations can act only through employees, such as Dunn. See Whalen Response at 7. From this, she asserts that Dunn is implicitly included within the definition of "YOU." Once again, Whalen's argument is misplaced.

The Unicover 5 defines "YOU" as "the person or organization shown in the declarations as the Named Insured."[4] NuCar is named in the declarations as the Named Insured. NuCar is a corporation. As a corporation (i.e., an organization), NuCar is a legal entity capable of having civil liability imposed on it. The most common way liability is imposed on a corporation (or other entity) is through the doctrine of respondeat superior. Coverage Part 980 protects NuCar from such vicarious liability. Whalen's

---

[4] Whalen omits the "or organization" from the definition on page 7 of her response.

9

argument ignores the reality that a corporation (such as NuCar) is a separate legal entity, with assets and liabilities, and that the corporation might purchase insurance that protects it from liability without extending that protection to its employees. Delaware law requires that a court interpret insurance contracts "in a common sense manner," SI Management L.P. v. Wininger, 707 A.2d 37, 42 (Del. 1998). Whalen's argument advances a reading that defies common sense.

Whalen's argument also ignores the Universal policy as a whole. The Unicover definition of "YOU" as the "person or organization shown in the Declarations as the Named Insured" shows that Universal knows the difference between persons and organizations (such as corporations), and knows how to extend coverage to persons when it wants to. A perusal of the Declaration Pages emphasis this basic point. The Declaration Pages list 17 "named insureds." Of these, 15 are organizations (corporations, partnerships and other legal entities) and 2 are individuals. See Unicover Policy (Ex. 2), Decl. at page 1-A. The declarations also list 26 "other insureds" some of which are persons and some are business entities. See Unicover Policy (Ex. 2), Decl. at page 1-B. The difference between persons and organizations is also evident in the WHO IS AN INSURED provision of each Coverage Part. In those provisions, where Universal wants to insure particular persons, it does so expressly. The entire WHO IS AN INSURED PROVISION of Coverage Part 980, for instance, is very explicit:

> WHO IS AN INSURED - Except with respect to the ownership, maintenance, use, loading, or unloading of any AUTO or watercraft:
>
> (a) YOU (and YOUR spouse if YOU are a sole proprietor); if YOU are a sole proprietor, coverage applies only to YOUR business activities as covered by the UNDERLYING INSURANCE;

(b) any of YOUR partners and their spouses, paid employees, directors, executive officers, or stockholders, while acting within the scope of their duties as such;

(c) any other person or organization named in the UNDERLYING INSURANCE (pro vided to the Named Insured of this Coverage Part) but not for broader cover age than provided to those persons or organizations in the UNDERLYING INSURANCE.

<u>With respect to any AUTO or watercraft:</u>

<u>(a) YOU;</u>

<u>With respect to (1) any AUTO or watercraft used in YOUR business or (2) personal use of any AUTO owned or hired by YOU:</u>

<u>(a) any person or organization shown in the declarations for this Coverage Part as a "Designated Person".</u>

With respect to coverage afforded in the UNDER LYING INSURANCE by Endorsement No. 034 - DRIVE OTHER AUTOS or Endorsement No. 056- BROAD FORM DRIVE OTHER AUTOS:

 (a) the person (and their "family members") shown in the declarations for this Coverage Part as a "Designated Person". "Family members" means any person related to the Designated Person by marriage, blood or adoption, who is a resident of his or her household. Family member includes a ward or foster child.

Universal Policy (Ex. 2), Unicover 5 at pages 71-72 (emphasis added).

As the highlighted language shows, with respect to auto risks, the only insureds are "YOU" or a "designated person."  Dunn is neither.  As to Whalen's argument that "YOU" implicitly incorporates employees, that argument is easily dismissed by reading other sections of the WHO IS AN INSURED provision.  Again, under Delaware law, the policy must be read as whole to effectuate the intent of the parties (Universal and NuCar). Notably, where Universal wanted to extend coverage to NuCar employees (such as Dunn), it did so expressly.  In the non-auto risk portion of the WHO IS AN INSURED provision, for instance, "partners and their spouses, <u>paid employees</u>, directors, executive officers, or stockholders, <u>while acting within the scope of their duties as such</u>" are

covered (emphasis added).  But, with regard to claims arising out of the use of a motor vehicle, employees (such as Dunn) are not included.  This was design, not oversight. Whalen's reading rewrites the language and ignores the intent of the parties.  Whalen's argument also ignores the fact that the Universal policy does extend coverage under Coverage Part 980 to certain "designated persons," who are expressly listed on page 1-RR of the Declarations.  Dunn is not listed, but, nonetheless, Whalen asks this Court to extend coverage to Dunn.  Such an extension violates a cardinal rule of contract construction.  See Rhone-Poulenc, 616 A.2d at 1195 (noting that, in construing a policy, a court must not, under the guise of construction, rewrite the policy to avoid its clear and unambiguous terms).

Conclusion

Universal is entitled to partial summary judgment as to Count IV and to summary judgment as to Count V for the reasons set forth in its initial memorandum and its reply memorandum.

Respectfully submitted,

*Andrew Janquitto /s/*
_____
Andrew Janquitto
Mudd, Harrison & Burch
105 West Chesapeake Avenue
300 Jefferson Building
Towson, Maryland 21204
410 828 1335
Fed. Bar. # 06637

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion and Memorandum was mailed or efiled on July 21, 2003, to each of the following:

Douglas W. Biser
Mudd, Harrison & Burch
105 West Chesapeake Avenue
300 Jefferson Building
Towson, Maryland 21204

Paul D. Bekman, Esquire
Salsbury Clements Bekman Marder & Adkins, LLC
300 West Pratt Street
Suite 450
Baltimore, Maryland 21201

David F. Ryder, Esquire
Brault, Graham, Scott & Brault, LLC
101 South Washington Street
Rockville, Maryland 20850

Russell Fields, Esquire
Simmons, Fields & Fanshaw
1 North Charles Street, Suite 20
Baltimore, Maryland 21 201

_Andrew Janquitto /s/_
_____
Andrew Janquitto