IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY J. WHALEN | * | |
| Plaintiff | * | |
| v. | * | Civil Action No: RDB - 02-191 |
| DONALD L. TEMPER, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANT UNIVERSAL'S
REPLY TO PLAINTIFF'S OPPOSITION TO MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Nancy J. Whalen, by her attorneys, Paul D. Bekman, Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., files this response to Defendant Universal's Reply to the Plaintiff's Opposition to Universal's Motion for Partial Summary Judgment as to Count IV and for Summary Judgment as to Count V of the Amended Complaint.

Universal has launched a multi-faceted attack to the Plaintiff's reasonable interpretation of the Universal Policy.  When condensed, the common theme of its multiple attacks on Plaintiff's reasonable interpretation is simple, straightforward and obvious - - only an insured or INSURED is covered under the Policy.  Rather than confront the Policy language that makes Dunn an insured, however, Universal dances around, points in many directions, and accuses the Plaintiff of trying to rewrite the Policy. In truth, it is Universal that wants to rewrite the Policy.

The Universal Policy provides umbrella or excess liability coverage in Coverage Part 980.  The **INSURING AGREEMENT**, found on page 68 of the Policy, separates the excess liability coverage into two distinct categories of vertical or excess coverage:

(a) "coverage provided in any UNDERLYING INSURANCE"; and

(b) "coverage provided to an INSURED in any other insurance."[1]

A major difference between the two categories is that category (b) in limited to the coverage "provided to an INSURED," whereas category (a) has no such limitation.  Hence the vertical or excess coverage builds upon the UNDERLYING INSURANCE for all insureds, including Dunn, in each of the respective Coverage Parts contained within.   For the additionally named INSURED, the vertical or excess coverage in category (b) builds upon any other insurance maintained by that INSURED.

When faced with this reasonable interpretation of the Policy, Universal argues at page 7 of its Reply that category (a) does not really apply to everyone who is insured under the UNDERLYING INSURANCE because "the definition of 'LOSS' indicates that the INSURED must suffer the LOSS."  What Universal doesn't say is what INSURED this definition refers to - - an INSURED under the UNDERLYING INSURANCE or some other INSURED.  THE MOST WE WILL PAY SECTION, supplies the answer.  That section, as observed by Universal, "repeatedly" refers to "coverage for a LOSS available to *the INSURED in the UNDERLYING INSURANCE*." (Emphasis added.)

Read as a whole, therefore, the Policy in Category (a) of the **INSURING AGREEMENT** provides umbrella coverage to the insureds in the UNDERLYING INSURANCE.  Because Universal concedes that Dunn is an insured under Coverage Part 500, it must admit that she is an

---

[1] Unlike the Policy examined in the unreported Delaware case of *Wilson v. Jones*, discussed at pages 5 and 6 of Universal's Reply, the excess liability coverage for insureds in the UNDERLYING INSURANCE is not limited by part (a) of Coverage Part 980 as applying only "to an INSURED."

insured in the UNDERLYING INSURANCE for whom it has agreed "pay for LOSS" "in excess of" the "coverage provided in any UNDERLYING INSURANCE."

## CONCLUSION

For these and the reasons previously stated, Universal is not entitled to summary judgment as to Court V. This Court should declare that the Universal Policy:

1. Provides coverage to Dunn under the AUTO HAZARD portion of Coverage Part 500; and

2. Insures Dunn under Coverage Part 980 (Umbrella)

_____
PAUL D. BEKMAN - Federal ID No. 00019
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS,  L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY J. WHALEN | * | |
| Plaintiff | * | |
| v. | * | Civil Action No: RDB - 02-191 |
| DONALD L. TEMPER, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF SERVICE

_____THIS IS TO CERTIFY that on this 4th day of August, 2003, a copy of Plaintiff's Response to Universal's Reply to the Plaintiff's Opposition to Universal's Motion for Partial Summary Judgment, was mailed, postage prepaid, to:

David Franklin Ryder, Esquire
Martin, Donnelly, Grimaldi and Gallagher
Nine N. Adams Street
Rockville, MD 20850


                                                                     _____
                                                                     PAUL D. BEKMAN - Federal ID No. 00019
                                                                     SALSBURY, CLEMENTS, BEKMAN,
                                                                             MARDER & ADKINS,  L.L.C.
                                                                     300 W. Pratt Street, Suite 450
                                                                     Baltimore, Maryland 21201
                                                                     (410) 539-6633

                                                                     Attorneys for Plaintiff