IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| NANCY J. WHALEN | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: RDB 02-191 |
| | : | |
| DONALD L. TEMPER, *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM OPINION AND ORDER

Background

On July 4, 2000, an automobile accident occurred on Maryland Route 213 involving vehicles operated by Defendant Donald L. Temper and Defendant Barbara A. Dunn. As the result of the collision, Plaintiff Nancy J. Whalen, who was a passenger in Dunn's vehicle, sustained severe injuries. Dunn's vehicle, a 2000 Chevrolet Camaro Z8, was a demonstrator owned by her employer, NuCar Connection, Inc. ("NuCar"), a Delaware corporation, and insured under Unicover policy 188025B (the "Policy") issued by Universal Underwriters Insurance Company ("Universal"). The Policy was delivered in Delaware, premiums were paid in Delaware, and the vehicle was registered in Delaware and subject to that state's compulsory motor vehicle insurance provisions. Dunn was not obligated to and did not maintain separate insurance for the vehicle. These facts are largely undisputed.

On January 18, 2002, Whalen filed a three-count Complaint against Temper (Count I) and Dunn (Count II) alleging negligence, and against NuCar (Count III) alleging negligence and vicarious liability for the acts of its employee, Dunn. On June 13, 2003, Whalen amended her Complaint by adding Counts IV and V naming Universal as a defendant for purposes of determining the coverage available under the Policy.

In Count IV of the Amended Complaint, Whalen asserts that Universal, "in consideration for payment of a premium, provided uninsured/underinsured motorist coverage in the amount of $300,000 per occurrence, pursuant to said policy, and provided coverage under the umbrella coverage of the policy in the amount of $20,000,000." Am. Compl. ¶ 19.  In Count V of the Amended Complaint, Whalen asserts that the Policy provides Dunn with $300,000 of liability insurance under Coverage Part 900 (Basic Auto) and $20,000,000 of excess umbrella liability coverage under Coverage Part 980 (Umbrella).  Am. Compl. ¶¶ 25-28.  Universal has moved for partial summary judgment as to Count IV and for summary judgment as to Count V of the Amended Complaint.  Specifically, Universal requests this Court to declare that the Policy provides $40,000 or uninsured/underinsured motorist coverage and does not insure Dunn under Coverage Parts 900 or 980.

The issues with respect to the interpretation of the Policy have been fully briefed by the parties. Oral argument is not necessary.  *See* Local Rule 105.6 (D. Md. 2003).  For the reasons set forth below, Universal's Motion as to Count IV is granted in part, because Whalen's uninsured/underinsured coverage under the Policy is limited to $40,000.  Universal's Motion as to Count V is granted, because the Policy does not extend umbrella coverage to Dunn directly.[1]

---

[1]Universal admits, however, that Coverage Part 980 does insure NuCar Connection, Inc. and would be available if NuCar were found to be vicariously liable for the acts of its employee, Dunn.

Analysis

1.  *Count IV*

As to Count IV, Universal contends that Coverage Part 530 of the Policy provides a single combined limit of $40,000 in uninsured/underinsured coverage to Whalen. Whalen qualifies as an insured for that coverage because she was an occupant in a vehicle owned by NuCar Connection, Inc. that was insured under the Policy. *See* Universal Mem. at 11-12. Universal also contends that Coverage Part 980 does not provide any uninsured/underinsured motorist coverage, but rather expressly excludes such coverage. *Id.* at 12-13. Because Whalen has conceded in her Response that Universal's reading of the Policy is correct, *see* Response at 3-4, the Court need not analyze the issue.

2.  *Count V*

With respect to Count V, Whalen seeks a declaratory judgment that the Policy provides Dunn with $300,000 of liability insurance under Part 900 (Basic Auto) and $20,000,000 of excess umbrella liability coverage under Part 980 (Umbrella). Am. Compl. ¶¶ 25-28. Universal contends that Coverage Part 900 does not insure the Camaro operated by Dunn on the date of the accident, because it was not listed as an Owned Auto on the declaration page and did not qualify under the Temporary Substitute Auto provision of the Policy. Whalen has conceded this point. *See* Response at 4. Universal, however, does acknowledge (and Whalen does accept) that Dunn may be entitled to $300,000 of coverage under Coverage Part 500 of the Policy relating to injuries caused by an occurrence arising out of Auto Hazard.

The parties' main sticking point is whether the umbrella liability provision of the Policy, Coverage Part 980, applies to Dunn. Universal argues that Coverage Part 980 does not apply to Dunn, who is

3

neither a Named Insured nor a Designated Person under that Part. Whalen asserts two reasons why she believes that Coverage Part 980 does provide excess liability coverage to Dunn. First, Whalen argues that the Insuring Agreement fails to limit coverage in excess of the coverage provided in any Underlying Insurance to an Insured. Second, Whalen argues that, because a corporation can act only through its agents and employees, Dunn is implicitly included in the definition of an Insured in Coverage Part 980.

The construction of a contract, including an insurance policy, is a question of law. The parties do not dispute that Delaware law applies to the interpretation of the Policy. Under Delaware law, insurance contracts are to be interpreted according to their plain language. *Aetna Cas. and Sur. Co. v. Kenner*, 570 A.2d 1172, 1174 (Del. Super. 1990). "Absent some ambiguity, Delaware courts will not destroy or twist policy language under the guise of construing it." *Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992) (citing *Hallowell v. State Farm Mut. Auto. Ins. Co.*, 443 A.2d 925, 926 (Del. Super. 1982)). If, however, a provision of the policy is "reasonably or fairly susceptible of different interpretations or may have two or more different meanings," it must be construed against the insurance company that drafted it. *Id.* at 1196. This Court must examine all relevant portions of the policy as a whole. *Kenner*, 570 A.2d at 1174.

After studying the Policy, the Court is convinced that Universal's interpretation of the scope of the umbrella liability provision is the correct one. Coverage Part 980 begins with the following language:

> This Coverage Part applies only when it is shown in the declarations. Such insurance applies only to those insureds, security interests and locations designated for each coverage as identified in declarations item 2 by letter(s) or number.

Unicover 5 at 68. Several paragraphs later, Coverage Part 980 defines WHO IS AN INSURED as

follows:

> With respect to any AUTO . . . :
>
>     (a)    YOU;
>
> With respect to (1) any AUTO . . . used in YOUR business or (2) personal use of any AUTO owned or hired by YOU:
>
>     (a)    any person or organization shown in the declarations for this Coverage Part as a "Designated Person."

Unicover 5 at 71. YOU is defined in the General Conditions as "the person or organization shown in the declarations as the Named Insured." *Id.* at 5. Dunn is neither a Named Insured nor a Designated Person identified in the declarations relating to Coverage Part 980. *See* declarations at 1-RR.

Next, the INSURING AGREEMENT provides that Universal "will pay for LOSS, subject to the terms and conditions of this Coverage Part, in excess of:

>     (b)    coverage provided in any UNDERLYING INSURANCE;
>     (b)    coverage provided to an INSURED in any other insurance;
>     (c)    in the absence of (a) or (b) the retention shown in the declarations."

Unicover 5 at 68. LOSS is defined as "all sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies caused by an OCCURRENCE." *Id.* at 70 (emphasis added). UNDERLYING INSURANCE in subpart (a) is defined as "the coverage and limits of liability afforded to YOU by the underlying policy(s) or insurance scheduled in the declarations for this Coverage Part." *Id.* at 71 (emphasis added). The Underlying Insurance identified in the declarations includes "all other coverage parts of this policy providing liability insurance for the insureds named on this coverage part, [with limited exceptions not applicable here]." Declarations at 1-RR (emphasis added).

Case 1:02-cv-00191-JKB    Document 32    Filed 08/13/2003    Page 6 of 7


Assimilating these definitions produces a description of coverage under subpart (a) of the Insuring Agreement analogous to the following:

> Universal will pay for all sums a Named Insured or Designated Person identified in the declarations for Coverage Part 980 legally must pay . . . in excess of coverage provided by: (a) the coverage and limits of liability afforded to the Named Insured or Designated Person by the underlying policy(s) or insurance scheduled in the declarations for this Coverage Part.

Whalen's argument that Universal, by making Dunn an insured under Coverage Part 500, incorporates her as an insured by agreeing to pay damages awarded in excess of the coverage provided in any UNDERLYING INSURANCE is without merit and avoids the plain language of Part 980. That excess liability coverage may be extended to some, but not all persons covered elsewhere under the Policy is confirmed by the Preamble:

> This entire document constitutes a multiple coverage insurance policy. Unless stated otherwise in a Coverage Part, each Coverage Part is made up of its provisions, plus those of the State Amendatory Part (if any), the General Conditions, and that portion of the declarations referring to the Coverage Part, including all endorsements made applicable to that Coverage Part. <u>Each Coverage Part so constituted becomes a separate contract of insurance.</u>

Unicover 5 at 4 (emphasis added).

Thus, finding no ambiguity in the language of Coverage Part 980, the Court concludes that the Policy does not extend umbrella coverage to Dunn individually.[2] Whalen has not identified any language in the Coverage Part that states that the Insuring Agreement covers persons other than those Named

---

[2] Defendants correctly note, however, that NuCar Connection, Inc. is a Named Insured under Coverage Part 980. To the extent that NuCar is determined to be vicariously liable for Dunn's operation of the vehicle, then the $20,000,000 coverage under Part 980 may apply to NuCar.

Insureds and Designated Persons identified in the corresponding declarations page. Moreover, had the contracting parties intended excess liability coverage for persons other than the Named Insureds and Designated Persons, the language of the pertinent WHO IS AN INSURED provision would have been worded more broadly. The Court declines to twist the unambiguous language of Coverage Part 980 to reach a result the contracting parties did not anticipate.

## Conclusion

For the reasons set forth above, the Court GRANTS partial summary judgment in favor of Universal as to Count IV of the Amended Complaint and GRANTS summary judgment in favor of Universal as to Count V of the Amended Complaint. IT IS SO ORDERED this thirteenth day of August, 2003.

_____
Richard D. Bennett
United States District Judge