UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NANCY J. WHALEN

      Plaintiff

                                            CIVIL ACTION

v.

                                            RDB 02 CV 191

NUCAR CONNECTION, INC., et al.

      Defendants

*** 

DEFENDANT NUCAR CONNECTION, INC.'S
REPLY TO PLAINTIFF NANCY J. WHALEN'S RESPONSE TO
NUCAR'S MOTION FOR SUMMARY JUDGMENT

Defendant Nucar Connection, Inc., by its attorney, replies to Plaintiff Nancy J. Whalen's response to its motion for summary judgment in the following fashion:

The fallacy of Whalen's position that Dunn was within the scope of her employment is demonstrated by the following uncontradicted facts:

- Dunn was not a car salesperson for NuCar: she was a site controller.

- Dunn was given the vehicle as part of her compensation package.

- Dunn was not trying to sell the vehicle she was operating.

- Dunn was not authorized to sell vehicles.

- The vehicle was not marked with a FOR SALE sign.

- The vehicle carried three NuCar identification markers that NuCar placed on all its vehicles.

- Dunn was not going to or from work when the accident occurred.

- Dunn was driving back home from a social visit with friends on the July 4th holiday.

Beyond ignoring these crucial facts, Whalen also ignores the facts and law in the principal cases upon which she relies.

In Pfender v. Torres, 765 A.2d 208 (N.J. Super. 2001), the appellate court found error in the trial court's directing a verdict for DRI, a car dealership, on the issue of vicarious liability. The appellate court found that Torres, a car salesman, was within the scope of employment when he was driving a demonstrator vehicle to work because he was required to have the demonstrator vehicle on the dealership lot during his working hours. As the court phrased it, "[t]he assigned cars were used for customers as 'demonstrators' during working hours and to run work-related errands." Id. at 216 (emphasis added). Liability was imposed under the company vehicle rule exception to the rule that a person going to and coming from work is ordinarily outside the scope of employment. In reaching this conclusion, the Pfender court first recognized the general rule that "an employer is not liable for harm caused by an employee in the use of a vehicle owned by the employer when the use is not within the employee's scope of employment." Id. at 217. However, the court then indicated that "one of the recognized exceptions to that rule 'is where an employer requires the employee to drive his or her vehicle to work so that the vehicle is available for use in fulfilling the employee's work-related responsibilities.'" Id. The court then stated:

> DRI's liability under that well-recognized exception is clear since Torres
> was driving to work when the accident happened and he was required to
> use the car in the performance of his employment as a demonstrator to

> encourage sales and to run work-related errands. Since the evidence was uncontested on these issues, plaintiffs were entitled to a directed verdict on the issue of DRI's liability under the doctrine of respondeat superior. Therefore, we reverse the judgment granting DRI a directed verdict and remand for entry of partial summary judgment in favor of plaintiffs on this aspect of the case.

Id. Liability was not found upon any rolling advertisement theory.

Similarly, in Allen v. Milton Martin Enterprises, Inc., 397 S.E.2d 586 (Ga. App. 1990), the court was faced with whether a salesman, Jones, was within the scope of employment while driving to work:

> At the time the accident occurred, Jones was on his way to work in a demonstrator vehicle owned by the defendant. It was established without dispute that such vehicles were provided by the defendant to its sales staff for their personal use as part of the total compensation for their services. However, during business hours, the salesmen were expected to have the vehicles available on the premises of the dealership for demonstration and sale.

Id. at 587 (emphasis added). The court then ruled that, because "there was a business purpose involved in having the demonstrator vehicles on the premises during business hours," summary judgment in favor of the car dealership should not have been granted.

Id. Like Pfender, Allen did not adopt a rolling advertisement theory of vicarious liability. Like Pfender, Allen involves the application of the company vehicle exception to the rule that a person is not within the scope of employment while driving to and from work.

Even if Maryland would recognize a company vehicle exception to the going and coming rule for vicarious liability purposes,[1] Dunn was not coming from or going to

---

[1] Maryland has adopted the company vehicle exception to the going and coming rule for workers' compensation purposes. See Alitalia v. Tornillo, 617 A.2d 572 (Md. 1993). It is unclear whether it has adopted it for vicarious liability purposes. Compare Oaks v. Connor, 660 A.2d 423 (Md. 1995)(rejecting arguing that employee driving own vehicle to work is within scope of employment) with Phillips v. Cook,

work when the accident happened.  She was on her day off.  She had gone to friends for a social evening to have dinner and watch fireworks.  She was driving home from that evening when the accident happened.  What is left then is Whalen's rolling advertisement theory, which has not been accepted by any Maryland court.  Additionally, Whalen does not offer one citation to any court that has accepted that theory of vicarious liability.  This is so because courts uniformly reject the theory.  See, e.g., Sharp v. Egler, 658 F.2d 480, 486-87 (7th Cir. 1981); State of Montana ex rel. City Motor Company v. The District Court, 530 P.2d 486, 489 (Mont. 1974).

Beyond the total lack of authority to support Whalen's theory lies a more critical factor--the ramifications of holding that an employee is always within the scope of employment whenever the employee is driving a company vehicle that somehow identifies the owner/employer.[2]  It is a common practice for commercial vehicles to be placarded with the owner/employer's business, but that does not mean that the employee is within the scope of employment whenever he drives the vehicle.  Whalen's theory of advertising liability, if accepted, would also impose liability on an employer for a tort committed by one of its employees while the employee was off hours but wearing his

---

210 A.2d 743 (Md. 1965)(holding that there was a dispute as to whether a car salesman was within the scope of employment while driving vehicle home because he worked irregular hours and often took vehicles home to show them to prospective customers).

[2]Indeed, under Whalen's theory of liability, a member of the public who rents a vehicle from Hertz or Avis that carries the owner's logo would impose liability on the owner because driving the rented vehicle provides advertising benefit to the owner.

4

work uniform that identified the employer (and thus bestowing advertising benefit on the employer).[3]

Maryland law has implicitly rejected such arguments numerous times. In <u>Butt v. Smith</u>, 129 A. 352 (Md. 1925), the court ruled that the employer-owner was entitled to a judgment as a matter of law. There, the employer-owner operated two canning factories, and the employee-driver was employed to haul cans of produce between the two factories. The accident occurred while the employee was operating the company truck on a Sunday. At the time of the accident, he was wearing his work clothes and his vehicle contained thirty cases of canned tomatoes. The Court of Appeals affirmed the trial court's decision that the employer-owner was entitled to judgment as a matter of law because the evidence rebutted the presumption of agency. In <u>Wells v. Hecht Bros. & Co.</u>, 142 A. 258 (Md. 1928), the employee-driver was involved in an accident while driving the employer-owner's vehicle. The employee-driver was employed as a radio service technician, and he used the company vehicle to make in-home service calls. He sometimes took the company vehicle home. At the time of the accident, he was driving home from a party. The trial court entered judgment as a matter of law in favor of the employer-owner. The Court of Appeals affirmed the trial court's decision. In <u>Wagner v. Page</u>, 20 A.2d 164 (Md. 1941), the employee/driver was driving the employer/owner's bakery truck, yet he was found to be outside the scope of employment. In <u>Fletcher v. Meredith</u>, 129 A. 795 (Md. 1925), the employee/driver was found to be outside the scope

---

[3]Courts generally hold that a uniform raises a rebuttable presumption of agency, just as the operation of a company vehicle raises a rebuttable presumption. <u>See</u>, <u>e.g.</u>, <u>Whittington v. Western Union Tel. Co.</u>, 1 So.2d 327, 329 (La. App. 1941).

of employment while operating the company's delivery truck because he was using the vehicle for his own purposes (i.e., to attend a funeral).

To impose liability vicariously on the employer/owner under Maryland law, the employee/driver must be with the scope of employment.   To be within the scope of employment, the conduct of the employee must be "of a kind the actor is employed to perform, occur during a period not unreasonably disconnected from the authorized period of employment, in a locality not unreasonably distant from the authorized area, and actuated at least in part by a purpose to serve the master."  Atlantic & Pacific Co. v. Noppenberger, 189 A.2d 434, 440 (1937).  Dunn was not a salesman.  She was not trying to sell the vehicle.  She was not authorized to sell vehicles.  She was merely an employee enjoying a social evening with friends on a non-work day.   In the end, the words of the Supreme Court of Montana in City Motor Company are worth repeating:

> [The plaintiff argues that] the mere fact that a demonstrator on the street is of benefit to the dealer is enough to make the dealer answer for the faults of his salesmen who drive it.  This asks too much, for it would hold the dealer responsible at all times.  We are not aware of any rule or policy of agency law requiring such a sweeping application of the doctrine of respondeat superior.  Moreover, the law in Montana is settled on the point that where an employee uses the master's car on a mission of his own, some slight incidental benefit which may thereby accrue to the master is insufficient to warrant holding the master liable for the employee's negligent operation of that vehicle.   Cases in other jurisdictions are in agreement.

530 P.2d at 489.  Maryland law is entirely consistent with this reasoning.  See, e.g., Wagner, 20 A.2d at 168 (rejecting argument that incidental benefit conferred upon employer/owner by allowing employee to use company delivery truck to go home, rest, clean up and return to work fresh is sufficient to impose vicarious liability on employer).

Wherefore, NuCar asks this Court to grant its Motion and enter judgment in its favor.

Respectfully submitted,


*Douglas W. Biser /s/*
_____
Douglas W. Biser
Mudd, Harrison & Burch
105 West Chesapeake Avenue
300 Jefferson Building
Towson, Maryland 21204
410 828 1335

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing reply was mailed or efiled on

August 25, 2003, to each of the following:

Andrew Janquitto, Esquire
Mudd, Harrison & Burch
105 West Chesapeake Avenue
300 Jefferson Building
Towson, Maryland 21204

Paul D. Bekman, Esquire
Salsbury Clements Bekman Marder & Adkins, LLC
300 West Pratt Street
Suite 450
Baltimore, Maryland 21201

David F. Ryder, Esquire
Brault, Graham, Scott & Brault, LLC
101 South Washington Street
Rockville, Maryland 20850

Russell Fields, Esquire
Simmons, Fields & Fanshaw
1 North Charles Street, Suite 20
Baltimore, Maryland 21 201

*Douglas W. Biser /s/*
_____
Douglas W. Biser