**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

October 21, 2003

Paul D. Bekman, Esquire
Salsbury, Clements, Bekman, Marder
 & Adkins LLC
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201

Andrew Janquitto, Esquire
105 West Chesapeake Avenue
Suite 300
Towson, Maryland 21204

David Franklin Ryder, Esquire
Martin, Donnelly, Grimaldi & Gallagher
Nine North Adams Street
Rockville, Maryland 20850

Russell Fields, Esquire
Simmons, Fields & Fanshaw
1 North Charles Street, Suite 20
Baltimore, Maryland 21201

Douglas W. Biser, Esquire
Mudd, Harrison & Burch
105 W. Chesapeake Avenue, Suite 300
Towson, Maryland 21204

Subject: Nancy J. Whalen v. Nucar Connection, Inc., et al.
Civil No.   JKB-02-191

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Friday, December 5, 2003 at 9:30 a.m. to be held in my chambers** (Room 7C, United States Courthouse, Baltimore, Maryland). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is <u>not</u> sufficient. *See* Local Rule 607.3. **Please also be advised that the conference may take the entire day.**

No later than **Friday, November 21, 2003**, I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

Letter to Counsel - <u>Nancy J. Whalen v. Nucar Connection, Inc., et al.</u>
Page Two
October 21, 2003

      3. An evaluation of the maximum and minimum damage awards you believe likely;

      4. The history of any settlement negotiations to date; and

      5. Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                                      Very truly yours,

                                      /s/

                                      Beth P. Gesner
                                      United States Magistrate Judge

cc:      Court file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

U.S. District Court (Rev. 9/2001)